**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

TANA KING,

        Plaintiff,

vs.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

        Defendant.

No. C13-3039-LTS

***ORDER REGARDING PLAINTIFF'S
MOTION FOR AN AWARD OF
ATTORNEY FEES AND OTHER
EXPENSES***

_____

        This matter is before me on plaintiff's motion (Doc. No. 25) for an award of attorney fees and other expenses under the provisions of the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). On April 4, 2014, I entered an order (Doc. No. 23) that reversed and remanded the decision of the Commissioner of Social Security (Commissioner). Plaintiff now requests $3,584.90 in attorney fees, along with reimbursement for expenses in the amount of $111.93, for a total request of $3,696.83. Plaintiff has submitted affidavits and other materials in support of her motion.

        On June 17, 2014, the Commissioner filed her response (Doc. No. 28) to plaintiff's motion. The Commissioner indicates she has no objection to entry of an EAJA award in the amount of $3,696.83, to be paid by the Social Security Administration. The Commissioner notes that the EAJA award is payable to plaintiff, not to plaintiff's counsel, and that it is therefore subject to offset to satisfy any pre-existing debt plaintiff may owe to the United States. Doc. No. 28 at 1 (citing *Astrue v. Ratliff*, 560 U.S. 586 (2010)).

## DISCUSSION

### A.     Legal Standards

Attorney fees may be awarded to a "prevailing party" in a Social Security appeal under the EAJA.    28 U.S.C. § 2412(d).    The statute provides as follows:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was *substantially justified* or that *special circumstances* make an award unjust.

*Id*. § 2412(d)(1)(A) (emphasis added).    The Eighth Circuit Court of Appeals has had little occasion to elaborate on what constitutes "special circumstances."    *See Koss v. Sullivan*, 982 F.2d 1226, 1229 (8th Cir. 1993) (looking to see whether special circumstances make an award unjust, and finding none, but stating "the denial of fees to counsel whose efforts brought about the Secretary's change of position is unjust").    The Eighth Circuit has specifically addressed, however, when a position is substantially justified.    *See, e.g.*, *Lauer v. Barnhart*, 321 F.3d 762, 764-65 (8th Cir. 2003); *Cornella v. Schweiker*, 728 F.2d 978, 981-82 (8th Cir. 1984).

> A position enjoys substantial justification if it has a clearly reasonable basis in law and fact.    Accordingly, the Commissioner can advance a losing position in the district court and still avoid the imposition of a fee award as long as the Commissioner's position had a reasonable basis in law and fact.    Further, a loss on the merits by the Commissioner does not give rise to a presumption that [he or] she lacked substantial justification for [his or] her position.    The Commissioner does, however, at all times bear the burden to prove substantial justification.

*Goad v. Barnhart*, 398 F.3d 1021, 1025 (8th Cir. 2005) (citations omitted); *see Lauer*, 321 F.3d at 765 (recognizing "the overriding, fundamental principal [sic] that the

government's position must be well founded in fact to be substantially justified"); *Sawyers v. Shalala*, 990 F.2d 1033, 1034 (8th Cir. 1993) ("To be substantially justified, the [Commissioner] must show that her position was 'justified to a degree that could satisfy a reasonable person.'" (quoting *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S. Ct. 2541, 2550 (1988))).

To obtain an award, the party must apply for the award "within thirty days of final judgment in the action" and "allege that the position of the United States was not substantially justified." 28 U.S.C. § 2412(d)(1)(B). "[T]he provision's 30-day deadline for fee applications and its application-content specifications are not properly typed 'jurisdictional,'" but instead are "ancillary to the judgment of a court." *Scarborough v. Principi*, 541 U.S. 401, 413-14, 124 S. Ct. 1856, 1864-65 (2004). The government, therefore, can waive this requirement because it is present to protect the government's interests. *See Vasquez v. Barnhart*, 459 F. Supp. 2d 835, 836 (N.D. Iowa 2006).

If attorney fees are appropriate, the reasonable hourly rate for such fees is established by statute as follows:

> [A]ttorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(ii); *see Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990) (holding that, "where . . . an EAJA petitioner presents uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75 per hour [(the applicable statutory amount in the case)], enhanced fees should be awarded"). Further, "[f]ees and other expenses awarded under [subsection (d)] to a party shall be paid by any agency [(the Social Security Administration)] over which the party prevails from any funds made available to the agency by appropriation or

otherwise." 28 U.S.C. § 2412(d)(4). Under § 2412(d), attorney fees are payable to the litigant, not directly to the litigant's attorney. *See Ratliff*, 560 U.S. at 591-94.

Filing fees and other costs may also be awarded under EAJA to plaintiffs who prevail in Social Security cases. Section 2412 provides as follows:

> Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. A judgment for costs when taxed against the United States shall, in an amount established by statute, court rule, or order, be limited to reimbursing in whole or in part the prevailing party for the costs incurred by such party in the litigation.

28 U.S.C. § 2412(a)(1). "Fees of the clerk" and "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" may be "tax[ed] as costs." *Id*. § 1920(1), (4).

### B.    *Analysis*

I find plaintiff is a "prevailing party," and the Commissioner, by not objecting to the payment of the requested award, has not shown either "substantial[] justi[fication]" or "special circumstances" to preclude an award of reasonable attorney fees and costs. 28 U.S.C. § 2412(d)(1)(A). I further find plaintiff has established that the hourly rates she requests for attorney and paralegal time are permissible pursuant to 28 U.S.C. § 2412(d)(2)(A)(ii) and that the total hours requested are reasonable. Thus, I find plaintiff's request for an award of fees in the amount of $3,584.90 to be reasonable and appropriate. Finally, I find plaintiff has demonstrated that she is entitled to recover expenses in the amount of $111.93. Plaintiff is, therefore, entitled to an EAJA award in the total amount of $3,696.83, to be paid by the Social Security Administration. That

award shall be made payable to plaintiff, not to plaintiff's counsel. *See Ratliff*, 560 U.S. at 591-94.

## *CONCLUSION*

Based on the foregoing, plaintiff's motion (Doc. No. 25) for an award of attorney fees and other expenses under the provisions of the Equal Access to Justice Act is **granted**. Judgment will enter for plaintiff in the amount of **$3,696.83**, representing attorney fees and expenses to be paid by the Social Security Administration.

**IT IS SO ORDERED.**

**DATED** this 18th day of June, 2014.

_____
LEONARD T. STRAND
UNITED STATES MAGISTRATE JUDGE